IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| LEONARD TIGNEY, | ) |
|             Plaintiff, | ) Civil Action No. 12 – 982 ) |
| v. | ) District Judge Arthur J. Schwab ) Chief Magistrate Judge Lisa Pupo Lenihan |
| JEFFREY MCCREARY, *et al.*, | ) ) |
|             Defendants. | ) |

**MEMORANDUM ORDER**

This case is before the Court on Plaintiff's failure to comply with this Court's Order dated October 5, 2012. (ECF No. 11.) Specifically, Plaintiff was ordered to submit a non-prisoner Motion for Leave to Proceed *in forma pauperis* no later than October 19, 2012.[1] Plaintiff was warned that the failure to submit the motion by that time would result in the dismissal of this action for failure to prosecute. As of the date of this Order, Plaintiff has neither submitted the motion nor otherwise paid the $350.00 filing fee.

As stated in Magistrate Judge Lenihan's Report and Recommendation dated September 28, 2012, a district court has inherent power to dismiss a complaint, *sua sponte*, under Federal Rule of Civil Procedure 41(b) for a plaintiff's failure to comply with an order of court. Adams v. Trustees of New Jersey Brewery Employees' Pension Trust Fund, 29 F.3d 863, 871 (3d Cir. 1994) ("The Supreme Court affirmed, stating that a court could dismiss *sua sponte* under Rule 41(b)."); Guyer v. Beard, 907 F.2d 1424, 1429 (3d Cir. 1990). Furthermore, a court's decision to

---

[1] This was due to the fact that Plaintiff's previous Motion for Leave to Proceed *in forma pauperis* had been rendered moot by his release from confinement in the Westmoreland County Prison.

dismiss for failure to prosecute is committed to the court's sound discretion. *See* <u>Collinsgru v. Palmyra Bd. of Educ.</u>, 161 F.3d 225, 230 (3d Cir. 1998) ("We review for abuse of discretion a district court's dismissal for failure to prosecute pursuant to Rule 41(b)."), *abrogated on other grounds by* <u>Winkelman ex rel. Winkelman v. Parma City School Dist.</u>, 550 U.S. 516 (2007). In exercising that discretion, a district court should, to the extent applicable, consider the six factors identified in <u>Poulis v. State Farm Fire and Casualty Co.</u>, 747 F.2d 868 (3d Cir. 1984), when it levies the sanction of dismissal of an action for failure to obey discovery schedules, failure to prosecute, or to comply with other procedural rules. <u>Harris v. City of Phila.</u>, 47 F.3d 1311, 1330 n.18 (3d Cir. 1995).

In <u>Poulis</u>, the Third Circuit Court of Appeals set forth the following six factors to be weighed in considering whether dismissal is proper:

> (1) the extent of the party's personal responsibility; (2) the prejudice to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a history of dilatoriness; (4) whether the conduct of the party or the attorney was willful or in bad faith; (5) the effectiveness of sanctions other than dismissal, which entails an analysis of alternative sanctions; and (6) the meritoriousness of the claim or defense.

<u>Id</u>. at 868 (emphasis omitted). These factors must be balanced in determining whether dismissal is an appropriate sanction, although not all need to weigh in favor of dismissal before dismissal is warranted. <u>Hicks v. Feeney</u>, 850 F.2d 152 (3d Cir. 1988). Consideration of these factors follows.

1. <u>The extent of the party's personal responsibility.</u>

Plaintiff is proceeding in this matter *pro se.* There is no indication that he failed to receive the order directing him to complete and return the non-prisoner Motion for Leave to Proceed *in forma pauperis*. The responsibility for his failure to comply is Plaintiff's alone.

2. Prejudice to the adversary.

In Poulis, prejudice was found to exist where the adversary was required to prepare and file motions to compel answers to interrogatories. In this case, Defendants have not yet been served and, accordingly, have not suffered specific prejudice other than that caused by general delay.

3. A history of dilatoriness.

This is not the first time where Plaintiff has failed to comply with an order of this Court. Plaintiff previously failed to complete and timely return the required Authorization to permit withdrawal of funds from his prisoner account as the Court ordered him to do on July 30, 2012. (ECF No. 2.) Plaintiff also failed to timely notify this Court of his change in address once he was released from confinement in the Westmoreland County Prison. *See* ECF No. 11. This Court ordered Plaintiff to submit a non-prisoner Motion for Leave to Proceed *in forma pauperis* by October 19, 2012. It is now November and Plaintiff has failed to submit the required motion. This is sufficient evidence, in the Court's view, to indicate that Plaintiff does not intend to proceed with this case in a timely fashion.

4. Whether the party's conduct was willful or in bad faith.

There is no indication on this record that Plaintiff's failure was the result of any excusable neglect. Thus, the conclusion that his failure is willful is inescapable.

5. Alternative sanctions.

Plaintiff is proceeding *pro se* and it appears that he is unable to pay the filing fee. Thus, it is likely that any sanction imposing costs or fees upon him would be ineffective.

6. <u>Meritorious of the claim or defense.</u>

Plaintiff claims that, while he was handcuffed on April 12, 2012, Defendants McCreary and Waltz "slammed [him] on the ground" without cause.  According to the incident report, Plaintiff yelled at and pulled away from Defendant Waltz.  Plaintiff disputes that this occurred and asserts that the report was fabricated.  This factor weighs neither for nor against dismissal.

Four of the six <u>Poulis</u> factors weigh in favor of dismissal.  Accordingly, this action will be dismissed for Plaintiff's failure to follow the Court's Order to submit a non-prisoner Motion for Leave to Proceed *in forma pauperis* or to otherwise prosecute this case.

**AND NOW**, this 2nd day of November, 2012;

**IT IS HEREBY ORDERED** that this case is dismissed with prejudice pursuant to Federal Rule of Civil Procedure 41(b).

**AND IT IS FURTHER ORDERED** that the Clerk of Court is directed to mark this case **CLOSED**.

    s/ Arthur J. Schwab
    Arthur J. Schwab
    United States District Court Judge

cc: **LEONARD TIGNEY**
    1123 Manor Avenue
    Latrobe, PA 15650